# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

EDWARD BEARINT and AMANDA BEARINT,
individually and on behalf of their minor child,
KAGAN BEARINT,

       Plaintiffs,

v.                                                     CASE NO. 8:04-CV-1714-T-17MAP

JOHNSON CONTROLS, INC.,
HYPERION L.P. a/k/a HYPERION
 SEATING CORP.; TACHI-S ENGINEERING
 USA; and LEAR CORP.,

       Defendants.

_____/

## ORDER ON MOTION TO STRIKE DECLARATION

      Before the Court is Defendant's Motion to Strike Declaration and supporting Memorandum of Law, filed January 30, 2006 (Docket Nos. 85, 86) and Plaintiffs' response, filed on February 13, 2006 (Docket No. 90).

## BACKGROUND

      Defendants, Johnson Controls and Tachi-S Engineering USA, contracted with General Motors' (GM) Saturn subsidiary to design and produce seats for Saturn's passenger vehicles. Saturn specified the seat requirements, including the amount of torsional stress the seat must withstand. The seat was designed and built to meet or exceed the specified torsional stresses.

      Plaintiffs, Edward and Amanda Bearint, purchased a Saturn. On April 14, 2000, Amanda Bearint and her infant son, Kagan, were involved in an rear-end automobile accident at thirty-five miles per hour. The accident caused extensive damage to the

Saturn, including projecting the luggage shelf forward. The driver's seat of the Saturn collapsed, falling on Kagan's head, and caused numerous injuries to Kagan.

Plaintiffs, Edward, Amanda, and Kagan Bearint, filed their Complaint April 13, 2004 (Docket No. 2) against Defendants, Johnson Controls, Tachi-S Engineering USA, and Lear Corp., in state court, alleging negligence and defective product liability. Defendants' answers were filed and the case was removed to federal court July 23, 2004. Lear Corp. was dismissed as a defendant February 2, 2005. (Docket No. 35). The remaining Defendants, which includes Hyperion,L.P., Johnson Controls and Tachi-S, filed a Motion for Summary Judgement (Docket No. 62) on December 15, 2005, which Plaintiffs successfully rebutted, in part due to the Declaration of Mr. Gary Whitman. Defendants then filed the current motion, Motion to Strike Declarations of Gary R. Whitman, on January 30, 2006. (Docket No. 85).

## **DISCUSSION**

Defendants filed their Motion to Strike Declaration with this Court, claiming that the declaration of Mr. Whitman was inconsistent with Mr. Whitman's prior testimony. Further, Defendants' claim Mr. Whitman offered expert opinion, including legal opinion, which Mr. Whitman is unqualified to provide. Additionally, Defendants argue this is inadmissible evidence, and should not be used in determining Defendant's Motion for Summary Judgment. The Defendants explicitly relied on 28 U.S.C. §1746 in moving to strike Mr. Whitman's testimony.

Mr. Whitman's Declaration and Mr. Westphal's Deposition

Defendants claim that Mr. Gary Whitman provided inconsistent statements, contradicting himself in his deposition and in his declaration. However, the Defendants' in supporting this contention referred to the supporting documents in the Plaintiff's Opposition to Defendant's Motion for Summary Judgment. Additionally, the Defendants cited to these supporting documents in the current Motion to Strike. However, the deposition used in the Plaintiff's Opposition to Summary Judgment memorandum of law was Mr. Kurt Westphal's deposition, taken January 13, 2006. Therefore, as Mr. Whitman's Declaration is from a different source than Mr. Westphal's

deposition, the Court finds there is no inconsistent statement.  Further, Mr. Westphal's deposition was that there was a recall of Saturn's seats, because Saturn believed the recliner gear teeth were too far apart and not within Saturn's specifications.  (Westphal Dep., p12, 8; p82, 8-12; p38, 5-11).  Additionally, Defendants argue Mr. Whitman, as part of his testimony, refused to comment on possible manufacturing defects in the Saturn seats.  Again, Defendants confused Mr. Westphal's deposition with Mr. Whitman.  Mr. Westphal stated he was only involved with the seat design and not the building or production processes of Saturn's seats.  (Westphal Dep., p 12, 8; 16, 10-13).  Therefore, Mr. Westphal could not comment on issues regarding defective manufacturing.  This is consistent with Defendants arguments, as applied to Mr. Westphal.  However, Mr. Whitman provided his experience in his Declaration, which states he performed an examination and evaluation of the Bearint seat.  (Whitman Decl. ¶¶1-5, 4, 15).  Mr. Whitman did not comment as to his lack of experience, but rather has held himself out as an expert in this case and for these opinions.

Mr. Whitman's Expert Opinion

       Defendants argue that Mr. Whitman provided improper legal commentary, as he is not an expert is this field.  The Court did not utilize Mr. Whitman's legal analysis in deciding Defendants' Motion for Summary Judgment, but rather Mr. Whitman's factual statements and Mr. Whitman's expert opinion and analysis as to his evaluation of the seat.  Therefore, Defendants' argument as to Mr. Whitman's improper legal commentary is moot.

       Mr. Whitman, in his Declaration and supporting documentation, established his credentials to expertly comment in regard to the crash qualities of the seat.  (Whitman Decl. ¶¶1-5, Whitman Ex. A. Docket No. 80, filed January 18, 2006).  The determination of Mr. Whitman's credibility and seat examination analysis is for the fact-finder to determine.  However, Mr. Whitman's opinions are supported by his credentials, and, therefore, may be properly considered in determining the Plaintiffs' prima facie case.

<u>Court's Use of Inadmissible Evidence and 28 U.S.C. §1746 Argument</u>

A signed, unsworn declaration, under penalty of perjury, can substitute for a sworn declaration in proving a part of any rule, regulation, order or requirement as pursuant to 28 U.S.C. §1746. The Declaration of Gary Whitman is signed, under penalty of perjury, pursuant to said statute. *See* 28 U.S.C. §1746. The Declaration was used to support the Plaintiffs' prima facie case in rebuttal of Defendants' Motion for Summary Judgment. *See* Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment (Docket No. 78, filed January 18, 2006). Therefore, the Declaration was used to support proof of a prima facie case to oppose a motion for summary judgment. Therefore, it is

**ORDERED** that the Defendant's Motion to Strike Gary Whitman's Declaration (Docket No. 85) be **DENIED** .

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, on this 10th day of July, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record