UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD BEARINT and AMANDA
BEARINT, individually and on behalf
of their minor child, KAGAN BEARINT,

      Plaintiffs,

  v.                                    Case No. 8:04-CV-1714-T-MAP

JOHNSON CONTROLS, INC.,

      Defendant.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiffs' Motion for New Trial (doc. 269). The Plaintiffs' motion asks this Court, pursuant to FED. R. CIV. P. 59, to grant the Plaintiffs a new trial because the jury's finding that Kagan Bearint did not suffer enhanced injuries over and above any injuries that would have occurred as a result of the automobile collisions alone is contrary to the great weight of the evidence at trial. Defendant, however, believes there was more than sufficient evidence presented at trial to allow the jury to reasonably conclude that Kagan Bearint did not suffer an enhanced injury (doc. 272). As such, the Defendant believes the jury's verdict must stand.

When considering a motion for a new trial, a trial judge must determine whether "in his opinion, the verdict is against the clear weight of the evidence.'" *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1557 (11th Cir. 1984) (internal citations omitted). To assure that the trial judge does not simply substitute his judgement for that of the jury, the Eleventh Circuit holds that "new trials should not be granted on evidentiary grounds, unless at a minimum, the verdict is against the great – not merely greater – weight of the evidence." *Id.* (*quoting Conway v. Chemical Leaman Tank*

*Lines, Inc.*, 610 F.2d 360,363 (5th Cir. 1980). When a "trial court grants a new trial because the verdict is against the weight of the evidence," the appellate "court's review will be extremely stringent to protect a party's right to a jury trial." *Redd v. City of Phenix City, Ala.*, 934 F.2d 1211, 1216 (11th Cir. 1991) (*citing Hewitt*, 732 F.2d at 1556).

Plaintiffs' motion claims that the jury's finding of no enhanced injury is against the "undisputed and unimpeached evidence presented by both parties" (doc. 260, p. 4). More specifically, the Plaintiffs argue that the testimony of Dr. Joseph Burton and Tony Powers conclusively establishes that the driver's seat of the 1995 Saturn collapsed and caused Kagan's enhanced injury. However, as the Defendant points out, this argument ignores the cross-examination of both witnesses and the expert testimony of the Catherine Corrigan. Granting the Plaintiffs' motion would require this Court to reweigh the evidence and essentially make a judgment as to which party's expert was more credible. The determination as to the weight each witness's testimony is given, however, is the traditional role of a jury. *See Hewitt*, 732 F.2d at 1558. The trial judge's role is to merely see "that only properly qualified experts present their testimony to the jury and that the rules of evidence are followed." *Id*. In cases like this, where the outcome rests on which expert the jury believes more, the trial judge must defer to the jury. *Id*. Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Motion for New Trial (doc. 269) is DENIED.

DONE AND ORDERED at Tampa, Florida on April 19, 2007.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

Copies to:   Counsel of Record